Cross v. Kenneth Anderson          CV-00-051-M    12/18/00
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Denise Cross and Russell Cross,
      Plaintiffs

      v.                                    Civil No. 00-051-M
                                            Opinion No. 2000 DNH 263

Grafton County Attorney Kenneth
Anderson, Esq.; State Trooper
Robert Terhune; Town of Ashland
Police Chief Cameron Brown;
Richard Buckler; and William Tirone,
      Defendants


                         **O R D E R**


      Plaintiffs brought seven counts against various defendants,

including William Tirone.  The claims against Tirone are:

(1) defamation (Count V); (2) negligent infliction of emotional

distress (Count VI); (3) intentional infliction of emotional

distress (Count VII); and (4) loss of consortium (Count VIII).

Under Federal Rule of Civil Procedure 12(b)(6), Tirone moves to

dismiss all counts against him for failure to state a claim.  For

the following reasons, Tirone's motion to dismiss (document no.

15) is granted in part and denied in part.

## Standard of Review

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) is one of limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In considering a motion to dismiss, "the material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted, with dismissal to be ordered only if the plaintiff is not entitled to relief under any set of facts he could prove." Chasan v. Village District of Eastman, 572 F.Supp. 578, 579 (D.N.H. 1983), aff'd without opinion, 745 F.2d 43 (1st Cir. 1984) (citations omitted).

## Relevant Facts

At the beginning of the 1996-97 school year, Denise Cross began working as the food services director for Ashland Elementary School. In June of 1997, the State Department of Education advised the business administrator for SAU 2 that Ashland Elementary School's lunch program reports were overdue.

2

The business administrator contacted Mrs. Cross, who acknowledged both that the reports were overdue and that the lunch program funds were in a filing cabinet in the school kitchen. The business administrator analyzed pertinent cash register receipts and, after comparing them with the school lunch funds, concluded that funds were missing. She reported her conclusions to Defendant William Tirone, the Ashland Elementary School principal. School officials contacted Ashland Police Chief Cameron Brown, who in turn asked for assistance from the State Police in conducting an investigation.

Denise Cross was terminated from her employment in August, 1997. Following her termination, Cross's mother-in-law, who also worked at Ashland Elementary School, contacted Tirone to discuss the dismissal. Tirone allegedly told her that Denise Cross had stolen money from the school, that it was apparent that this was not the first time she had stolen money, and that the police would arrest Cross in the near future.

Cross was later charged with theft by unauthorized taking, in violation of N.H. Rev. Stat. Ann. § 637:3. Her trial began on February 9, 1999, in the Grafton County Superior Court. The

trial judge directed a verdict of acquittal at the close of the prosecution's case.

Discussion

In this case, Cross alleges that Tirone defamed her and caused her severe emotional distress. Russell Cross, Denise's husband, also brings a claim for loss of consortium. See N.H. Rev. Stat. Ann. § 507:8-a. Tirone moves to dismiss all counts (document no. 15).

Plaintiffs agree that Count VI (negligent infliction of emotional distress) and Count VII (intentional infliction of emotional distress) can be dismissed, so Tirone's motion is granted as to Counts VI and VII.

With respect to the defamation claim, Tirone interposes qualified privileges. See Restatement (Second) of Torts §§ 595, 596, 597. Plaintiffs counter that New Hampshire does not recognize the qualified privileges on which Tirone relies, and that qualified privilege claims cannot support a motion to dismiss.

4

Restatement (Second) of Torts § 597(2) describes a qualified privilege applicable to defamatory statements made to a family member. But, plaintiffs note that in <u>Duchesnaye v. Munron Enterprises, Inc.</u>, 125 N.H. 244 (1984), the New Hampshire Supreme Court apparently declined to adopt the family member privilege when it wrote that "plaintiff need not prove publication to a group. . . . Publication to one person other than the plaintiff is actionable. That one person may be a member of the plaintiff's family." 125 N.H. at 253 (citations omitted). <u>Duchesnaye</u> does not resolve the issue, however, because the court was defining the concept of <u>publication</u>, not deciding whether New Hampshire law recognizes a conditional family member privilege as described in the Restatement. The court acknowledged that qualified privileges are recognized in New Hampshire, but no privilege was applicable in <u>Duchesnaye</u> because it had not been shown that the speaker in that case has reasonable grounds to believe the statements to be true, one of the elements of qualified privileges. <u>See</u> 125 N.H. at 253-54. "A conditional [or qualified] privilege . . . is established if the facts, although untrue, were published on a lawful occasion, in good

5

faith, for a justifiable purpose, and with a belief, founded on reasonable grounds of its truth." Chagnon v. Union-Leader Corp., 103 N.H. 426, 438 (1961) (emphasis added).

So, although publication occurred when Tirone made the statements in suit to Cross's mother-in-law, his remarks could still be protected by a privilege if made "on a lawful occasion, in good faith, for a justifiable purpose, and with a belief, founded on reasonable grounds of [their] truth." See id. Although the New Hampshire Supreme Court has not specifically adopted § 597(2) of the Restatement, there is little reason to think that § 597(2) would not be adopted, or a similar common law privilege recognized.

However, while Duchesnaye lends little support to the argument that New Hampshire has rejected a qualified privilege for publication to a family member, the remaining claims against Tirone still survive the motion to dismiss, without regard to which asserted privilege is invoked, because "the question whether the defendant is entitled to claim the privilege is one for the trier of fact." Pickering v. Frink, 123 N.H. 326, 329 (1983). "Such a factual determination should be made, at the

6

earliest, on a motion for summary judgment after the parties have had an opportunity to support or refute the allegations in the pleadings." Id. at 331. (Since Tirone has moved to dismiss Mr. Cross's loss of consortium claim based on an anticipated failure of Denise's claims, the loss of consortium claim also necessarily survives the motion to dismiss.)

Conclusion

For the foregoing reasons, Defendant Tirone's Motion to Dismiss (document no. 15) is granted with respect to Counts VI and VII and denied with respect to Counts V and VIII.


**SO ORDERED.**

 

 
                                      _____
                                        Steven J. McAuliffe
                                        United States District Judge

December 18, 2000

cc:  David P. Slawsky, Esq.
      Charles P. Bauer, Esq.
      Andrew B. Liverois, Esq.
      Brian T. McDonough, Esq.
      Diane M. Gorrow, Esq.